IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


DWIGHT HOWARD CLARY      *

     *

v.      Civil No. CCB-12-1874

     *

SHERIFF ROB CORLEY

MAJOR TERRY SCHLOSSNAGLE      *

LT. JIM TICHNELL

     *

******

## MEMORANDUM

Dwight Howard Clary, presently incarcerated by the State of Maryland and housed at the Maryland Correctional Training Center in Hagerstown ("MCTC"), seeks unspecified damages and complains that the defendants have failed to correct poor conditions of confinement and, more significantly, have placed him at risk for assault by staff and fellow detainees at the Garrett County Detention Center ("Detention Center").   Now pending is a Motion to Dismiss filed on behalf of the defendants (ECF Nos. 9 and 10) and Clary's  Motion for Summary Judgment (ECF No. 12), which shall be construed both as a dispositive motion and as Clary's opposition response to the defendants' Motion to Dismiss.[1]  A hearing is not required to resolve the issues raised in this case.  *See* Local Rule 105.6.

Although unclear from the parties' submissions, it appears that Clary was arrested in Garrett County on April 13, 2012, and charged with a violation of probation.  Although initially housed at the Garrett County Detention Center, Clary was moved to the Allegany County Detention Center on June 19, 2012.  ECF No. 12 at 6.   A commitment record was issued by the

---

[1]  In this response, Clary complains for the first time that (1) the Detention Center lacks a sprinkler system and has few fire extinguishers and smoke detectors, and (2) medical staff was not available on one occasion during which he waited six hours before being transported to a hospital.   These additional claims shall not be considered in the instant action.

Garrett County Circuit Court on July 10, 2012,[2] and shortly thereafter, Clary moved into the Maryland Division of Correction.[3]  Given the information obtained from the docket, it appears that Clary was held at the Garrett County Detention Center for approximately two months.

On June 20, 2012, one day after his transfer from the Garrett County Detention Center, the Clerk received the instant civil rights action, filed pursuant to 42 U.S.C. § 1983,[4] seeking unspecified "compensation" and raising a plethora of conditions of confinement claims against the Sheriff charged with oversight of the Detention Center and two members of the Detention Center staff.

**Standard of Review**

"[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of

---

[2]*See* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=11K07004164&loc=58&detailLoc=K.
[3] Clary wrote the Clerk on July 2, 2012, providing his Allegany County Detention Center address, and again on August 10, 2012 and September 10, 2012, providing his Division of Correction addresses. ECF Nos. 4, 7 and 8.
[4] Clary complains that Garrett County Detention Center employee Corporal Wise opened the envelope containing this complaint the day before Clary was transferred to the Allegany County facility. ECF No. 12 at 6. Clary alleges the move was undertaken because Wise informed defendants Corley and Schlossnagle of the impending lawsuit. *Id.* The court notes that the lawsuit, postmarked June 19, 2012, was promptly mailed by Garrett County Detention Center personnel; thus, Clary suffered no violation of civil rights with regard to access to the courts. Clary does not name Wise as a defendant, nor does he claim that he sustained any injury as a result of his transfer to another detention center, and the implication that the transfer was retaliatory is insufficient to state a cognizable claim.

inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).  To survive

a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to

relief above the speculative level . . . on the assumption that all the allegations in the complaint

are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

(internal citations and alterations omitted). Thus, the plaintiff's obligation is to set forth

sufficiently the "grounds of his entitlement to relief," offering more than "labels and

conclusions." *Id.* (internal quotation marks and alterations omitted). "[W]here the well-pleaded

facts do not permit the court to infer more than the mere possibility of misconduct, the complaint

has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

## Analysis

Counsel argues that Clary fails to specify personal participation by the named defendants

in any of the events about which Clary complains.  This appears to be correct.  The grievance

forms attached to Clary's complaint show that all three defendants responded at various times to

his many grievances, but not that they were personally responsible for the circumstances or

events complained of, except possibly in a general supervisory capacity. Supervisory liability

under 42 U.S.C. § 1983 requires a plaintiff to prove three elements: "(1) that the supervisor had

actual or constructive knowledge that his subordinate was engaged in conduct that posed a

pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the

supervisor's response to that knowledge was so inadequate as to show deliberate indifference to

or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative

causal link between the supervisor's inaction and the particular constitutional injury suffered by

the plaintiff." *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks and

citations omitted).

In any event, after further consideration of plaintiff's submissions, the court finds that each claim raised in Clary's complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.  A discussion of each claim, and its deficiencies, follows.

1.      Asbestos and lead paint

Clary complains that the Detention Center contains asbestos and that paint chips containing lead were found on the toilet seats and sinks.[5]  Corporal Rick Gray responded to Clary's grievance concerning lead paint, indicating that use of lead-based paint was banned in 1977, prior to construction of the Detention Center.  Gray further indicated that toilets are porcelain-covered zinc steel and that lead was not used in the porcelain-covering process.  ECF No. 1, Attach. 1 at 12.

Clary's concerns about exposure to lead paint were investigated and addressed.  There is no allegation – much less proof – that he suffered actual harm from either asbestos or lead exposure during his two-month tenure at the Detention Center.  Absent injury, the allegations are insufficient to state a cognizable civil rights claim. *See Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (holding that a prisoner must produce evidence of a significant physical or emotional injury or demonstrate a substantial risk of such harm to prevail on an Eighth Amendment conditions-of-confinement claim).

2.      Poor ventilation and fumes

On May 31, 2012, Clary submitted a grievance indicating that exhaust fumes were

---

[5] Clary states he attempted to mail paint chips out for testing, but was threatened with sanctions for doing so by defendant Corley.  ECF No. 12 at 3-4. Clary opines that Corley must have opened the mail in order to ascertain that it contained paint chips, and states this conduct constitutes a federal crime.  *Id.* at 4.  To the extent this eleventh-hour allegation states a cognizable claim, it shall not be addressed here.

coming through the ventilation system over a period of two weeks, causing him to experience burning eyes and to suffer a migraine headache.  ECF No. 1, Attach. 1 at 3.  Although initially rejected by Officer N. Bittinger, *id.* at 5, defendant Tichnell investigated the matter on appeal and on June 7, 2012, thanked Clary for bringing the matter to his attention.  Tichnell told Clary that in the past, fumes from the courthouse's backup diesel generator were coming into the Detention Center, and an exhaust pipe was installed.  The fumes noticed by Clary appeared to come from not from the generator, but from the Sheriff's Office garage underneath the Detention Center.  Tichnell notified correctional staff via email to not allow vehicles to sit and idle inside the garage, and to monitor the situation closely.  *Id.* at 8.  Clearly defendants did not disregard Clary's concern about health risks caused by exhaust fumes.  Nothing more is constitutionally required.

3.     Sanitation of dishes

Clary filed a grievance complaining that he had to wash his plastic spoon and cup in order to reuse them and that dish detergent was not available for purchase in the commissary. ECF No. 1, Attach. 1 at 1. He was informed that he should use hot water in the sink to rinse his eating utensils, and that using the shared sinks for "doing dishes" would not prove feasible. *Id.* at 2.  While the practice of reusing a spoon and cup after rinsing may be distasteful, there is no indication that Clary suffered actual illness as a result during his brief stay at the Detention Center.

4.     Access to hygiene materials

Clary complains that Q-tips and dental floss are not provided.  ECF No. 1, ¶ 5 and Attach. 1 at 14.  His grievance was investigated, and he was informed that the Detention Center doctor did not want Q-tips given out because detainees were using them improperly and injuring

themselves.  The doctor also indicates that detainees would not suffer serious dental decay due to a lack of floss because they would be at the Detention Center for a brief period of time.  ECF No. 1, Attach. 1 at 15, 17, 19-20.  Clary does not specify actual injury due to the two-month deprivation of Q-tips and dental floss, and the claims shall be dismissed.

5.      Safety from fellow detainees/Retaliation

Clary complains that because he was a "tier rep[resentative]" he was moved from medium to maximum security and housed near detainees charged with violent crimes.  ECF No. 1, ¶ 4.  He further claims that on one occasion corrections personnel failed to collect all the razors from the bathroom.  *Id.*

Clary's retaliation claim fails.  The alleged retaliatory act in the instant case was a transfer to a more secure unit.  A mere transfer from one section of the Detention Center to another, without more, is not an adversity sufficient to support a prima facie case of retaliation. Further, Clary identifies Corporal Wise and Corporal Fitzwater, not the three named defendants, as the persons who decided to make the transfer. ECF No. 1 at ¶ 4.

Clary's grievance concerning the incident in which prisoners' razors were left in the bathroom was fully investigated and a new policy was subsequently put in place to make it less likely for staff to overlook the return of razors handed out during shower sessions.  ECF No. 12 at 14.  Clary suffered no harm and thus is not entitled to damages for what appears to be no more than negligence in any event.

6.      Harassment and threats

Clary alleges that he was verbally threatened by Officer Shreve. ECF No. 1, ¶ 3. A general claim of threats, without any allegation of injury, fails to state a claim for relief. *See Moody v. Grove*, 885 F.2d 865 (4th Cir. 1989) (unpublished table decision) (citing *Collins v.*

*Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)) (stating as a general rule that verbal abuse of inmates by guards, without more, does not state a claim for relief under § 1983).  Further, Officer Shreve is not a named defendant.

7.      Access to the local criminal court

As a final matter, Clary's claim that Detention Center personnel refused to give him access to the Garrett County court in order to seek criminal charges against Officer Shreve is not supported by records provided by Clary.  Clary's application seeking criminal charges and a restraining order against Shreve, alleging that Shreve had tampered with his mail and verbally threatened and otherwise harassed him, were considered by Commissioner Charles E. Pariseau of the District Court of Maryland for Garrett County on June 13-14, 2012.  Prosecution was declined due to a lack of probable cause. ECF No. 1, Attach. 1 at 23-29. As a private citizen, Clary lacks a judicially cognizable interest in the prosecution or non-prosecution of another individual who allegedly committed unlawful acts.  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Otero v. United States Attorney General*, 832 F.2d 141, 141 (11th Cir. 1987).

**Conclusion**

Title 28 U.S.C. 1915(e)(2), provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>
> (A)      the allegation of poverty is untrue; or
> (B)      the action or appeal --
>        (i)      is frivolous or malicious;
>        (ii)      fails to state a claim on which relief may be granted; or
>        (iii)      seeks monetary relief against a defendant who is immune from such relief.

This action fails to state a claim on which relief may be granted and will be dismissed pursuant to 28 U.S.C. 1915(e)(2)(B)(ii). Clary is advised that once three such dismissals are entered against him, he will be barred from filing new cases unless he first submits the entire civil filing fee, pursuant to 28 U.S.C. § 1915(g), the Prison Litigation Reform Act.

A separate order shall be entered granting the defendants' dispositive motion, denying Clary's motion for summary judgment, dismissing this case, and assessing Clary his first "strike" under the Prison Litigation Reform Act.


_____11/28/12_____                            _____/s/_____
Date                                            Catherine C. Blake
                                                United States District Judge